IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER GARRISON, : No. 3:25cv53
       Plaintiff :
   v. : (Judge Munley)
  :
EAST STROUDSBURG UNIVERSITY, :
       Defendant :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is a motion filed by Defendant East Stroudsburg University ("ESU") to strike certain allegations from plaintiff's complaint as immaterial, impertinent, and scandalous matter under Rule 12(f). (Doc. 7). The parties have briefed their respective positions and the motion is ripe for a decision.

By way of brief background, plaintiff proceeds in this action against ESU under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") for purported denial of an accommodation. Specifically, plaintiff challenges the denial of multiple accommodation requests and her subsequent termination. Plaintiff alleges that she has long suffered from Lyme disease. (Doc. 1, Compl. ¶ 11). Plaintiff's disease allegedly compromises her immune system and causes chronic pain and fatigue. (Id. ¶ 13). During her years at ESU, plaintiff served as the Graduate Programs Coordinator from August 2017 to April 2023 and taught a full range of undergraduate and graduate level courses. (Id. ¶¶ 28, 29).

Prior to the Covid-19 pandemic, plaintiff managed to perform all of her job duties without the need for workplace accommodation. (Id. ¶ 46). During the pandemic, however, plaintiff's health concerns heightened due to an alleged increased risk of her developing Covid-19 related illness. (Id. ¶ 47). In the fall of 2020, based on her doctor's recommendation, plaintiff sought a more flexible schedule at work and was permitted to teach all of her courses online for that semester. (Id. ¶¶ 47, 48). With the approval of her department chair, plaintiff allegedly continued teaching remotely during the 2021-2022 academic year. (Id. ¶ 56).

Thereafter, plaintiff submitted multiple accommodation requests for the following semesters: fall of 2022, spring and fall of 2023, and presumably spring and fall of 2024. (Id. ¶¶ 59, 68, 69, 71, 98, 123, 132, 133, 144, 147). In those requests, plaintiff sought permission to teach her courses remotely via Zoom and to hold online office hours. (Id. ¶¶ 59, 69). ESU, however, repeatedly denied her requests explaining, among various points, that plaintiffs' accommodation requests did not seek to address a disability but rather to alter her work conditions to prevent possible exposure to and contracting Covid-19. (Id. ¶¶ 60, 73, 74, 75, 102, 136, 145). ESU allegedly emphasized that an "in-person experience is a fundamental right of students." (Id. ¶ 76). According to plaintiff, she was forced to take leave under the Family Medical Leave Act ("FMLA") to

2

cover courses that ESU refused to make remote. (Id. ¶¶ 67, 97, 106 123). Presumably, plaintiff continued teaching other courses online. In June 2024, plaintiff received a notice from defendant of her involuntary separation from the university. (Id. ¶ 138).

Based on the above allegations, plaintiff asserts a failure to accommodate claim against ESU under Section 504. Defendant now moves to strike components of her complaint.

Federal Rule of Civil Procedure 12(f) permits courts to strike, *inter alia*, immaterial, impertinent, or scandalous matter. See FED. R. CIV. P. 12(f). A Rule 12(f) motion is subject to the court's "considerable discretion" and is ordinarily denied unless the allegations are severely prejudicial and unrelated to plaintiff's claims. Horan v. Gross, 2024 WL 115798, at *7 (M.D. Pa. Jan. 10, 2024).

Rule 12(f)(2) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Immaterial" allegations are those that bear no essential or significant relationship to the claim for relief or the asserted defenses. Conklin v. Anthou, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011). "Impertinent" matter consists of statements that are unrelated to and unnecessary for resolving the issues in question. In re Shannopin Mining Co., 2002 WL 31002883, at *28 (W.D. Pa. July 15, 2002). A pleading containing a "scandalous" matter is one that

3

"improperly cast[s] a derogatory light on someone," employs "repulsive language," or undermines "the dignity of the court." Carone v. Whalen, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

Generally, Rule 12(f) motions "are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue.' " Perma-Liner Indus., Inc. v. U.S. Sewer & Drain, Inc., 630 F. Supp. 2d 516, 526 (E.D. Pa. 2008) (quoting N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 159 (E.D. Pa. 1994)).

### 1. Paragraph 104

Defendant seeks to strike paragraph 104 of the complaint on the basis that it consists of immaterial, impertinent, and scandalous matter. (Doc. 7, ¶ 4). Per ESU, the allegations contained in this paragraph are unrelated to plaintiff's claims and are highly prejudicial. (Id. ¶ 5).

Paragraph 104 reads: "Defendant's contention is reminiscent of the attitude of many private companies in the 1950s and 1960s that they could not 'compel' their clientele to relinquish their bigotry and unwillingness to be served by their African-American employees." (Doc. 1, Compl. ¶ 104). This portion of the complaint appears to refer to defendant's contention that ESU students had a

right and expectation to attend their courses face to face and meet with their instructors during office hours in person. (Id. ¶ 103).

Defendant argues that the sole purpose of this paragraph is to cast ESU in a negative light, comparing Garrison's mistreatment to that experienced by African Americans during the Jim Crow Era. (Doc. 8, Br. in Supp. at 4). According to ESU, this comparison is wholly irrelevant both factually and legally since plaintiff's complaint concerns merely the denial of her request to work remotely. (Id.)

Plaintiff counters that this analogy supports her allegation that ESU unlawfully denied her reasonable accommodation requests. (Doc. 9, Br. in Opp. at 8). According to plaintiff, the reference here concerns a time when employers attempted to justify discrimination by claiming that their customers preferred "something else." (Id.) In this analogy, plaintiff suggests that college students are the customers. Plaintiff argues that ESU has advanced a defense premised on the notion that it is the students who determine whether a disability accommodation is reasonable. (Id.) Per plaintiff, ESU's position reflects reasoning comparable to that once relied upon by employers to justify discriminatory practices, i.e., the customer is always right. (Id.) Plaintiff asserts that the paragraph does not improperly cast ESU in a bad light, but rather it highlights ESU's wrongful conduct. (Id.)

5

Although paragraph 104 is argumentative and somewhat unconventional, it addresses the essence of plaintiff's claim that ESU has no legal basis to deny an employee reasonable accommodation merely because students prefer an in-person educational experience. (See Doc. 1, Compl. ¶ 105). Accordingly, ESU's motion to strike paragraph 104 of the complaint will be denied.

2. **Paragraphs 78-98**

ESU also moves to strike paragraphs 78-98 from the complaint as they include citations to cases involving two entities in unrelated matters. (Doc. 7, ¶ 6). ESU argues that the insertion of case law within the complaint not only violates Rule 8(a)(2), but is also premature, improper, and highly prejudicial. (Id. ¶ 9).

Paragraphs 78-98, excluding paragraph 97, cite to Gardner v. Kutztown Univ., 2024 WL 1321068, at *1 (E.D. Pa. Mar. 27, 2024) and Oross v. Kutztown Univ., 2023 WL 4748186, at *1 (E.D. Pa. July 25, 2023), on reconsideration in part, 2024 WL 83506 (E.D. Pa. Jan. 8, 2024).[1] Per plaintiff, she cites these cases in her complaint as they involve issues and allegations similar to those presented here.

A complaint setting forth a claim for relief must contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief[,]"

---

[1] Paragraph 97 of the complaint contains no reference to case law and pertains solely to the facts of this case. (Doc. 1, Compl. ¶ 97).

FED. R. CIV. P. 8(a)(2), and need not set out in detail the facts upon which the plaintiff bases her claim. In this district, the Honorable Robert D. Mariani noted that "[i]t is unacceptable by any standard of legal practice for complaints to 'contain[ ] whole paragraphs of legal argument, quotations, and citations. . . .' " Matthew B. v. Pleasant Valley Sch. Dist., 2018 WL 4924013, at *3 (M.D. Pa. Oct. 10, 2018) (quoting Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013)).

Here, plaintiff's complaint sets out twenty paragraphs of case law which concern entities that are not parties to this action. (See Doc. 1, Compl. ¶¶ 78-96, 98). Those paragraphs "are more properly employed in a brief in support of a motion by Plaintiff or in opposition to a motion brought by Defendant." Matthew B., 2018 WL 4924013, at *3.

By inserting legal arguments and case citations in her complaint, plaintiff has disregarded both the letter and the spirit of Rule 8(a)(2), which requires only a short and plain statement of the claim showing entitlement to relief. FED. R. CIV. P. 8(a)(2). Therefore, the court will strike from the complaint paragraphs 78-96 and the portion of paragraph 98 which reads: "(a little less than a month after a U.S. District Court entered judgment against KU over a similar situation in Oross v. Kutztown University)[.]"

Going forward, plaintiff's counsel is directed to refrain from including legal conclusions, case citations, or similar material in any complaint filed with this court. Such matters are to be presented in a brief or memorandum of law related to a motion.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Defendant's motion to strike is **GRANTED** in part and **DENIED** in part;

   a. The motion is **DENIED** as to paragraphs 104 and 97 of the complaint;

   b. The motion is **GRANTED** as to paragraphs 78-96 of the complaint; and

   c. The motion is also **GRANTED** as to the portion of paragraph 98 of the complaint which states: "(a little less than a month after a U.S. District Court entered judgment against KU over a similar situation in Oross v. Kutztown University)[.]"

2) Paragraphs 78-96 of the complaint as well as the portion of paragraph 98 referencing Oross v. Kutztown University shall be **STRICKEN**.

Date: 10/2/25

_____
JUDGE JULIA K. MUNLEY
United States District Court